Schenck *v.* Conover.

| 13 | 31 |
| 54 | 170 |

JACOB SCHENCK *vs.* ELIAS H. CONOVER and others.

If the party appealing from the final decree of this court file his appeal within ten days after such decree with the clerk of this court, it will prevent issuing process on such decree without the order of this court or of the Court of Appeals for that purpose.

If the appeal be not filed within the time above limited the motion to stay execution is addressed to the discretion of the court, and will be granted only upon good cause shown.

In a case of several mortgages to a large amount which were undisputed,

Schenck *v.* Conover.

and of subsequent judgments, some of which were in controversy, the court will not, on the application of the mortgagor, stay proceedings on the execution under the decree of foreclosure; but will order the surplus money to be brought into court to abide the result of the contest touching the judgments.

---

THE CHANCELLOR. The defendant, having appealed from the final decree in this cause, asks an order to stay further proceedings on the execution issued upon the decree until the hearing of the appeal.

By rule 20, § 2, if the party appealing shall, within ten days of the final sentence or decree, file his appeal with the clerk of this court, it shall prevent issuing process on the said decree without the order of this court or of the Court of Appeals for that purpose.

The appeal was not filed within the time limited by the rule, the writ of *fieri facias* was regularly issued, and the power of the court is now invoked to arrest the execution of the writ in the hands of the sheriff.

The application is to the sound discretion of the court. By the practice of the English court of equity, as well as by the practice of this court, so far as regulated by statute, an appeal from a decree in equity, either interlocutory or final, does not stay proceedings in the court below or prevent the issuing of process without a special order for that purpose. *Huguenin* v. *Bauly*, 15 *Vesey* 180, 184; *Way* v. *Toy*, 18 *Vesey* 452; *Waldo* v. *Caley*, 16 *Vesey* 206; *Willan* v. *Willan*, 16 *Vesey* 216; 2 *Smith's Chan. R.* 68.

By the New York practice, as it existed at and prior to the time of Chancellor Kent, an appeal in the first instance operates to stay proceedings on *the point appealed* from; and if the party wishes to proceed notwithstanding the appeal, he must make application to the Chancellor for leave to proceed. *Green* v. *Winter*, 1 *Johns. Ch. R.* 77; *Messonier* v. *Kauman*, 3 *Johns. Ch. R.* 66.

By either practice, whether the party shall be permitted to proceed notwithstanding the appeal rests in the discretion of the court.

Schenck *v.* Conover.

We follow the English practice, except so far as it may be modified by statute or by rule or established practice in this court. *West* v. *Paige,* 1 *Stockt.* 203.

Independent of the rule of this court, already referred to, the complainant would have been entitled to his execution, as of course, at any time after final decree, notwithstanding the appeal. By the rule, if the appeal be filed within ten days after final decree, it prevents the issuing of process without a special order for that purpose. If the appeal be not filed within that time the execution may issue, and proceedings thereon will not be stayed, except for good cause in the discretion of the court. If the court, in the exercise of this discretion, see that in case the decree should be reversed the party cannot be set right again—if the complainant proceeds to a sale under his execution—there is a strong reason for a stay of execution. If, on the other hand, the stay of execution is unnecessary to protect the rights of the appellant under the appeal, and must operate prejudicially to the complainant, the court ought not to interfere.

The bill was filed to foreclose a mortgage given by the defendant, Conover, to the complainant. The mortgage and the amount due upon it are undisputed. There was due, at the date of the master's report on the 30th of August, 1860, upon the complainant's mortgage $6995.07. There was due at the same time to a prior mortgagee $1717, and to a subsequent mortgagee $3654. Neither of these mortgages is in controversy. They are all admitted to be just. There is no appeal from the decree, so far as it relates to the encumbrances. The whole controversy in the cause relates to the validity of certain judgments, which are claimed as liens upon the mortgaged premises subsequent to the lien of the mortgages.

The amount of undisputed mortgage debts established by the decree, including principal and interest, is $12,-366.07. The arrears of interest at the date of the master's report exceeded $2500. Not a dollar of interest ap-

pears even to have been paid upon either of the mortgage debts. There is no reason why the mortgage creditors should be longer delayed in the recovery of their claims by reason of the appeal. The whole controversy relates to the surplus remaining of the proceeds of the sale after the satisfaction of these encumbrances. The defendant's rights under the appeal will be fully protected by directing the sheriff to bring the surplus money, if any there should be after the payment of the mortgage debts, into this court to abide the decision of the Court of Appeals and the further order of the court.

The judgment debts directed by the decree to be paid out of the proceeds of the sale amount to $9689, making the total encumbrance upon the mortgaged premises, at the date of the master's report, $22,055.07. Should the decree be affirmed in the Court of Appeals, and these judgments be sustained as valid encumbrances on the property, from statements made upon the argument, there would seem to be just reason to apprehend that the proceeds of the sale will be utterly inadequate to satisfy all the encumbrances, and that the judgment creditors must sustain a serious loss. This constitutes an objection to tying up the fund in this court. It must, however, be done for the security of the appellant, unless the judgment creditors will give adequate security for the repayment of the amount received by them in case the decree should be reversed.

If the appellant desire it, an order will be made directing the surplus of the proceeds of the sale, after satisfying the mortgage debts, to be brought into court to abide the further order of the court.